IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

FRANCISCO SANTIAGO
SERRANO

Plaintiff

vs

UNITED STATES OF AMERICA

Defendant

CIVIL 16-1071CCC
(Related Crim. 12-0691-01CCC)

**OPINION AND ORDER**

Before the Court are Petitioner's 28 U.S.C. § 2255 Habeas Corpus Petition (d.e. 1),[1] the Government's response (d.e. 4) and his Reply (d.e. 6). Having carefully considered them, the Habeas request is hereby DENIED.

**I.    BACKGROUND**

On September 25 2012, Petitioner Francisco Santiago Serrano (hereinafter "Petitioner" or "Santiago-Serrano") was indicted along with sixty five (65) other co-defendants in a six (6) count indictment for violations to Title 21, United States Code, Section 841(a)(1), 846 and 860; Title 18, United States Code, Section 2; Title 21, United States Code, Section 841(a)(1) and 860, Title 19, United States Code, Section 924(c) as well as a forfeiture allegation (d.e. 3 in Criminal 12-691).  Petitioner was the main defendant and was charged in all six (6) counts.

---

[1]The abbreviation "d.e." stands for Docket Entry.

CIVIL 16-1071CCC                                        2
(Related Crim. 12-0691-01CCC)

On June 13, 2013, Santiago Serrano plead guilty, pursuant to a Plea Agreement with the United States, to Count Six (6) of the indictment.[2] The parties agreed to recommend a term of imprisonment between one hundred sixty-eight (168) to two hundred ten (210) months. Petitioner was free to request a sentence at the lower end of the applicable guideline range while the government would leave the sentence to the sound discretion of the court. There was no stipulation as to Petitioner's Criminal history Category (d.e. 1082 at p. 4 in Criminal 12-691).

On October 3, 2013, Santiago Serrano, represented by counsel, filed a Sentencing Memorandum in Criminal 12-691 in which he requested a sentence at the lower end of the applicable guideline range or one hundred and sixty-eight (168) months of imprisonment.

During Santiago Serrano's October 10, 2013 sentencing hearing (d.e. 1516 in Criminal 12-691), his role in the offense as well as the acts of the case were fully discussed. After allocution, petitioner was sentenced to a term of imprisonment of three hundred and sixty (360) months. His request for reconsideration as to the term of imprisonment was denied (d.e. 1516 in Criminal 12-691).

On October 16, 2013, Santiago Serrano filed a timely Notice of Appeal (d.e. 1520 in Criminal 12-691), raising that the district court did not consider

---

[2] Count Six (6) charged that beginning on a date unknown, but no later than in or about August 2007, and continuing up to and until the return of the instant Indictment, in the Municipality of Ponce, District of Puerto Rico and within the jurisdiction of this Court, defendant [1] Francisco Santiago Serrano and co-defendants, did knowingly and unlawfully use and carry firearms as the term is defined in Title 18, United States Code, Section 921(a)(3), during and in relation to a drug trafficking crime as charged in Count One through Five of the Indictment. All in violation of Title 18, United States Code, Section 924(c)(1)(A) (d.e. 1082 at p. 2 in Criminal 12-691).

CIVIL 16-1071CCC                              3
(Related Crim. 12-0691-01CCC)

either the § 3353(a) factors nor did it explain its sentencing rationale. He further alleged that (1) the leadership role was left unresolved, (2) the district court was bound by the recommended plea agreement sentencing range, a United States Sentencing Guideline Chapter 4 claim and the substantive reasonableness of his sentence. The First Circuit Court of Appeals rejected all of Santiago Serrano's claims and affirmed his conviction and sentence. United States v. Santiago Serrano, 598 F.App'x 17 (1st Cir. 2015). On April 15, 2015, Santiago Serrano filed a writ of certiorari before the Supreme Court which was denied on May 26, 2015 (135 S.Ct. 2367). On January 14, 2016, his timely Motion to Vacate, Set Aside of Correct Sentence pursuant to Section 2255 was filed (d.e. 1).

## II.    DISCUSSION

Santiago Serrano raised the following arguments:

1.     Ineffective assistance of counsel for failure to:

a.     Object/preserve at sentencing that the district court failed to consider the factors listed in Title 18, United States Code, Section 3553(a);

b.     Object/preserve at sentencing that the district court did not adequately consider the mitigating factors in favor of a lower sentence;

c.     Object/preserve at sentencing that the district court did not satisfactorily explain its sentencing rationale;

d.     Adequately explain that by signing the plea agreement he was admitting that he was the main leader of the drug trafficking

CIVIL 16-1071CCC                            4
(Related Crim. 12-0691-01CCC)

organization, a drug point owner and enforcer for what has been labeled as a syndicate;

e.   Adequately explain that the judge could vary/depart above the recommended sentencing guideline range. Counsel erroneously impressed upon petitioner that by accepting the plea agreement he would be sentenced within the recommended guideline range;

f.   Object to the P.S.I. based on Chapter 4 of the Federal Sentencing Guidelines, counsel failed to argue, raise and/or preserve the fact that the court committed procedural error in failing to correctly calculate the guideline range; and

g.   The cumulative impact of errors committed by counsel at sentencing amounted to counsel rendering less than meaningful representation and effectively denying petitioner the right to counsel at a critical stage in the proceedings.

**A.   28 U.S.C. § 2255 Standards and Exhaustion Requirements**

Title 28 U.S.C. § 2255 allows a federal prisoner to move the court to vacate, set aside, or correct his sentence if one of the following events happens:

1.   The sentence was imposed in violation of the Constitution or laws of the United States;

2.   The court was without jurisdiction to impose the sentence;

3.   The sentence was in excess of the maximum authorized by law; or

4.   The sentence is otherwise subject to collateral attack.

CIVIL 16-1071CCC                              5
(Related Crim. 12-0691-01CCC)

When a prisoner files a motion for relief pursuant to Section 2255, the court may dismiss the motion without an evidentiary hearing if the motion, files and records of the case show conclusively that the movant is not entitled to relief.

It is well settled law that a Section 2255 motion is not a substitute for an appeal.  Therefore, the defendant must first raise his claims on direct appeal before bringing the claim in a Section 2255 motion.  United States v. Essig, 10 F.3d 968 (3d Cir. 1993).  If a defendant fails to preserve his claim on direct appeal a court may not consider the claim in a subsequent Section 2255 motion, unless the defendant can establish "cause and prejudice," United States v. Frady, 456 U.S. 152, 167 (1982); or a "fundamental miscarriage of justice," Murray v. Carrier, 477 U.S. 478, 496 (1986).  The exception to the exhaustion requirement is the allegation of ineffective assistance of counsel which may be brought for the first time in a Section 2255 motion.

The First Circuit Court has clearly stated that a Section 2255 petition cannot be used to litigate matters that were, or could have been, decided on appeal. Berthoff v. United States, 308 F.3d 124, 127-128 (1st Cir. 2002).  This is precisely what Santiago Serrano has tried to do.

**B.    Claim of Ineffective Assistance of Counsel**

To establish ineffective assistance of counsel, a defendant must show that:

1. His attorney's performance was deficient, and
2. The deficient performance prejudiced his defense. Strickland v. Washington, 466 U.S. 668, 687 (1984).

CIVIL 16-1071CCC                              6
(Related Crim. 12-0691-01CCC)

In order to establish deficiency, a defendant must establish that counsel's performance "fell below an objective standard of reasonableness under prevailing professional norms." Strickland, 466 U.S. at 688. Under the Strickland standard, counsel is presumed to have acted within the range of "reasonable professional assistance," and it is defendant who bears the burden of "overcoming the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689. To show prejudice, a defendant must establish that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. However, this assessment "must be a 'fairly tolerant' one because 'the Constitution pledges to an accused an effective defense, not necessarily a perfect defense or successful defense.'" Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012), quoting Scarpa v. Dubois, 38 F.3d 1, 8 (1st Cir. 1994).

A claim of ineffective assistance of counsel "requires a court to first assess whether 'counsel's representation 'fell below an objective standard of reasonableness.'" Padilla v. Kentucky, 130 S.Ct. 1473, 1482 (2010). It is clear that Petitioner was obligated to show both that counsel's performance fell below an objective standard of reasonableness and that prejudice resulted from it. Strickland, 466 U.S. at 687. *See also* Lopez-Nieves v. United States, 917 F.2d 645, 648 (1st Cir. 1990). He must do this as to each instance in which he claims ineffective assistance of counsel. Counsel's performance

CIVIL 16-1071CCC                         7
(Related Crim. 12-0691-01CCC)

must be examined "not in hindsight, but based on what the lawyer knew, or should have known, at the time his tactical choices were made and implemented." United States v. Natanel, 938 F.2d 302, 309 (1st Cir. 1992). The "range of reasonable professional assistance" is quite wide. *See* Strickland, 466 U.S. at 689. Therefore, the Supreme Court has stated that, "judicial scrutiny of counsel's performance must be highly deferential." *See* Strickland, 466 U.S. at 689.

Under Strickland Petitioner is required to identify acts or omissions by counsel which fall outside the wide range of professional competent assistance and the harm caused by such actions. "A defendant's failure to satisfy one prong of the Strickland analysis obviates the need for a court to consider the remaining prong." Moreno-Espada v. United States, 666 F.3d 60, 64 (1st Cir. 2012) (quoting Tevlin v. Spencer, 621 F.3d 59, 66 (1st Cir. 2010).

Petitioner's allegations are a mere rehashing of the arguments he raised on appeal, considered and denied by the First Circuit Court of Appeals. Once a defendant's chance to appeal has been exhausted, there is a presumption that the conviction is fair and final. United States v. Addonizio, 442 U.S. 178, 184 (1979). A Section 2255 motion may not be used to relitigate an issue that was raised and considered on direct appeal, absent some highly extraordinary circumstance, such as an intervening change in the law. Davis v. United States, 417 U.S. 333, 345 (1974). "A petitioner may not relitigate questions that were raised and considered on direct appeal in this circuit." Singleton v. United States, 26 F.3d 233, 240 (1st Cir. 1994) ("issues disposed of in a prior appeal will not be reviewed again by way of 28 U.S.C. Section 2255 motions,"

CIVIL 16-1071CCC                              8
(Related Crim. 12-0691-01CCC)

citing <u>Dirring v. United States</u>, 370 F.2d. 862, 864 (1st Cir. 1967), cited in <u>Barret v. United States</u>, 965 F.2d 1184, 1190 n. 11 (1st Cir. 1992), <u>Vega-Colon v. United States</u>, 463 F.Supp. 2d 146 (D.P.R. 2006).

A review of the First Circuit Court's opinion in <u>United States v. Santiago-Serrano</u>, 598 Fed.Appx. 15 (1st Cir. 2015), leads us to conclude that all issues raised in this petition were raised and disposed of on appeal.  Petitioner is barred from raising them again as part of an ineffective assistance of counsel claim.

We finally assess Petitioner's claim that  trial counsel did not adequately explain to him that, pursuant to his Plea Agreement, sentencing could depart upward.  He claims that defense counsel erroneously impressed upon him that by accepting the plea agreement he would be sentenced within the recommended guideline range.  A review of the transcript of the change of plea Hearing indicates otherwise.  At no time did Santiago Serrano indicate to the Court what he now claims, nor did he protest or ask for clarification when the Court explained the following to him:

> The Court: Okay. Any sentencing recommendation given to me, I have an obligation to honestly and truthfully look into and consider it.  If the recommendation is a reasonable recommendation, I usually follow it.  If the request is an unreasonable recommendation, something that no Judge of a sound mind will follow, I will not.  I think you understand that. Correct?
>
> The Defendant: Yes.

(d.e. 1576 at p. 10, Criminal 12-691).

The U.S. Magistrate-Judge made it clear to Petitioner during his change of plea hearing that he was not bound to follow the sentencing

CIVIL 16-1071CCC                              9
(Related Crim. 12-0691-01CCC)

recommendation in the Plea Agreement.  Santiago Serrano could have told the U.S. Magistrate-Judge when he was asked about the sentencing recommendation that his counsel had told him otherwise.  He raised no concern as to the sentencing recommendation.

Santiago Serrano finally alleges that the cumulative effect of the errors committed by his counsel had an adverse impact on his case.  Having failed to show that his counsel committed ineffective assistance of counsel as to **any** of his allegations, there is no cumulative impact.  In the absence of any error, there can be no cumulative error.  United States v. Sampson, 486 F.3d 13, 51 (1st Cir. 2007).

In its analysis of this case, the First Circuit stated the following:  "No one doubts that the court handed out a stiff sentence, though one that obviously is below the statutory maximum.  But not every stiff sentence is by that fact alone substantively unreasonable," Santiago Serrano at 19, citing:  United States v. Flores-Machicote, 706 F.3d 16 at 25; United States v. Vargas, 560 F.3d 45, 51 (1st Cir. 2009).  The Court went on to state "Santiago Serrano's offense conduct is serious-as the conspiracy's leader, drug point owner, and enforcer he (in the court's words) used others to 'destroy the very essence of what a human life is'; his criminal history is troubling; and the deterrence and societal protective needs are great."  Santiago Serrano at 20.

Petitioner has attempted to re-litigate the same issues he raised on appeal, this time by way of an ineffective assistance of counsel claim in a Section 2255 Petition.   Defendant has not shown that his attorney's

CIVIL 16-1071CCC                              10
(Related Crim. 12-0691-01CCC)

performance fell outside the range of competent and effective assistance. As such Petitioner's claims of ineffective assistance of counsel are DENIED.

### C. Evidentiary Hearing

Santiago Serrano, as part of his 2255 Petition, requested an evidentiary hearing. However, Petitioner has failed to meet the requirements for such a hearing to be granted.

In order for Petitioner to prosper in his request, he must be able to demonstrate to the Court by a preponderance of the evidence, not only an entitlement to the 2255 Petition for relief, but also entitlement to an evidentiary hearing. David v. United States, 134 F.3d 470, 477-478 (1st Cir. 1998); Reyes v. United States, 421 F.Supp. 2d 426, 430 (D.P.R. 2006). In as much as Petitioner has failed in his burden as to his 2255 Petition he has failed as well in the request for an evidentiary hearing. Therefore, Santiago Serrano's request for an evidentiary hearing is DENIED.

### III. CONCLUSION

For the reasons stated, the Court concludes that Petitioner Francisco Santiago Serrano is not entitled to federal habeas relief on the claim presented. Accordingly, it is ORDERED that Petitioner Francisco Santiago Serrano's Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255 (**d.e. 1**) is DENIED, with prejudice.

CIVIL 16-1071CCC 11
(Related Crim. 12-0691-01CCC)

## IV.   **CERTIFICATE OF APPEALABILITY**

For the reasons previously stated, the Court hereby DENIES Petitioner's request for relief pursuant to 28 U.S.C. § 2255.  It is further ORDERED that no certificate of appealability should be issued in the event that petitioner files a notice of appeal because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

SO ORDERED.

At San Juan, Puerto Rico, on March 29, 2019.

S/CARMEN CONSUELO CEREZO
United States District Judge